PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**July 20, 2006**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA**

In re:

DARLINDA G STEVENS-GIBSON,

Debtor.

Case No. 05-48902

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter came before the Court on June 6, 2006, on an Amended Objection to IRS' Proof of Claim filed by Darlinda Stevens-Gibson (Debtor). Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

**FINDINGS OF FACT**

The Internal Revenue Service (IRS) filed its initial Proof of Claim in this case on October 21, 2005, setting forth a total claim of $74,192.34. Of that amount, $13,199 was secured, $20,936.42 was priority unsecured, and $40,056.92 was general unsecured. The Debtor filed an objection to this proof of claim on October 27, 2005, however, the objection was not noted for hearing.

The Debtor filed her federal income tax return for tax year 2004 on November 7, 2005. The IRS amended its initial Proof of Claim and filed the IRS' First Amended Proof of Claim on December 19, 2005, setting forth a total claim of $66,117.64. Of that amount $13,199 was

MEMORANDUM DECISION - 1

secured, $12,861.72 was priority unsecured and $40,056.92 was general unsecured. The Debtor filed an Amended Objection to IRS' Proof of Claim on February 16, 2006, and noted the matter for hearing on March 7, 2006. The IRS filed a Notice of Improper Service on March 2, 2006, for failure to serve both the United States Attorney in Seattle, Washington, and the Attorney General in Washington D.C., with copies of the objection as required by Fed. R. Bankr. P. 7004(b)(4) and (5).

The IRS filed its Second Amended Proof of Claim on March 7, 2006, indicating that it was no longer asserting a secured claim. The Second Amended Proof of Claim sets forth a total claim of $66,732.20. Of that amount, $12,861.72 was priority unsecured and $53,870.48 was general unsecured.

On April 10, 2006, the IRS filed its Third Amended Proof of Claim, which is the final Proof of Claim it filed in this case. The Third Amended Proof of Claim sets forth a total claim of $74,706.92. Of that amount, $20,836.44 is stated as priority unsecured and $53,870.48 as general unsecured.

On April 26, 2006, the Debtor filed an Amended Memorandum of Points and Authorities in Support of Objection. In this Memorandum, the Debtor indicates that she is objecting to the IRS' Proof of Claim that stated a total claim of $74,192. The numbers referred to in this objection appear to relate to the IRS' initial Proof of Claim that was filed on October 21, 2005. The Debtor's primary objection appears to be that the Proof of Claim is not accompanied by a Summary Record of Assessments (Form 23C).

At the June 6, 2006 hearing, the Court requested that the Debtor submit a supplemental pleading setting forth the precise issues she is requesting that the Court decide on her objection to claim. On June 26, 2006, the Debtor filed a document entitled "COVER

MEMORANDUM DECISION - 2

MEMO for Objection to Affidavit of Aida P. Gonzales," (Debtor's Letter) that states that she is requesting the Court rule on the following:

1. grant [her] request for a motion in limine preventing the admission of any and all computer evidence
2. grant [her] request to deny the admission of the submitted computer records
3. deny the admission of the IRS Proof of Claim.

At the June 6, 2006 hearing, the IRS indicated that it would provide a copy of the Certificate of Assessments and Payments (Form 4340) if required by the Court. The Court indicated that it was unnecessary to file Form 4340 at this time, but instructed the IRS to submit an affidavit in support of its claim. An affidavit was filed by Aida Gonzales, an Insolvency Specialist with the IRS assigned to the Debtor's case, on June 8, 2006. The Debtor also objects to the admission of this affidavit.

## CONCLUSIONS OF LAW

It was unclear to the Court from the Debtor's initial pleadings or her oral arguments on June 6, 2006, as to what issues the Debtor wanted this Court to address. At the hearing, the Court specifically asked the Debtor to submit a supplemental pleading setting forth the precise issues she is requesting the Court decide. In the Debtor's Letter, she requested the Court rule on the admissibility of the IRS' supporting documents and its proof of claim. The Court has therefore limited its decision to these precise issues.

In accordance with the Debtor's initial objection to the IRS' Proof of Claim and the Debtor's Letter, it appears that the Debtor is objecting to the IRS Proof of Claim because it is not supported by competent evidence or documentation. In support of its Third Amended Proof of Claim, the IRS has attached what is referred to as a MFTRA-X transcript, that allegedly documents the tax liability and assessments for the Debtor for tax years 1997

through 2004. The Debtor argues that such computer records are not admissible evidence and should therefore not be considered by the Court.

The Debtor's objection lacks merit primarily because the IRS is not required to attach any documentation to support its claim. Supporting documents are required to be attached to a proof of claim only when the claim is based upon a writing, or when the claimant asserts a security interest in the property of the debtor. See Fed. R. Bankr. P. 3001(a), (c) and (d); see also Carlisle v. U.S. Dep't of Justice (In re Carlisle), 320 B.R. 796, 799 (M.D. Pa. 2004) (IRS is not required to provide documentation to support its proof of claim); In re Catron, 198 B.R. 905, 907 (Bankr. M.D. N.C. 1996). The IRS' Third Amended Proof of Claim is not based upon a writing nor does the IRS assert a security interest in the Debtor's property; accordingly, documentation is not necessary.

Further, the IRS is not required to attach Form 23C, or Form 4340, to its proof of claim. The Ninth Circuit Bankruptcy Appellate Panel has held that the IRS need not file Form 4340 in order to have a properly filed proof of claim, even though a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. In re Mulvania, 214 B.R. 1, 7 n.8 (9th Cir. BAP 1997); Fed. R. Bankr. P. 3001(f). Therefore, the IRS' Third Amended Proof of Claim is concluded to be a properly filed, valid proof of claim even without these attachments. The Debtor has failed to provide any evidence to rebut this prima facie presumption of validity. Mulvania, 214 B.R. at 6.

Arguments challenging the validity of the assessments, accordingly, have not been considered. Assuming that the Debtor intends to challenge the assessments at a later date, it is noteworthy that the Debtor has not submitted any evidence that the tax assessments were invalid, contained irregularities, or that the amount of the taxes alleged to be owed are in

MEMORANDUM DECISION - 4

dispute. In fact, the only numbers referenced in her pleadings relate to the initial Proof of Claim filed by the IRS on October 21, 2005. None of the Debtor's pleadings even reference the taxes stated as owing in the IRS' Third Amended Proof of Claim, which is the only proof of claim at issue. It is therefore unnecessary for the Court to determine whether MFTRA-X transcripts, in conjunction with a supporting affidavit, are sufficient to prove a valid assessment, or whether a Form 4340 containing the 23C date is required. The Court merely holds for purposes of this Memorandum Decision that the IRS' Third Proof of Claim is sufficient to establish prima facie evidence of the validity of the IRS' Third Proof of Claim, and that the Debtor has failed to rebut this presumption. Since the IRS was not required to submit documentation to support its proof of claim, the Debtor's Letter to the Court requesting it grant a motion in limine denying the admissibility of computer records is denied. The Debtor's objection to the IRS' Third Proof of Claim is therefore denied.

DATED: July 20, 2006

*Paul B. Snyder*

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 5